**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMY VANDERSLUIS, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>AGILON HEALTH, INC., STEVEN SELL, and JEFFREY SCHWANEKE,<br><br>      Defendants. | Case No. 1:25-cv-07167-HG |

**MEMORANDUM OF LAW IN SUPPORT OF SHAJI NELSON'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

1

Shaji Nelson ("Nelson") submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Nelson as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Nelson's selection of Glancy Prongay Wolke & Rotter LLP ("GPWR") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities who purchased or otherwise acquired publicly traded agilon health, inc. ("agilon" or the "Company") securities between February 26, 2025 and August 4, 2025, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Nelson is the "most adequate plaintiff" as defined by the PSLRA.

Nelson believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses resulting from Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Nelson satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision,

Nelson respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Nelson's selection of GPWR as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

agilon is a healthcare company that partners with independent primary care physicians to deliver value-based care for Medicare beneficiaries. The Company describes itself as the "trusted partner empowering physicians to transform health care in our communities."

On August 4, 2025, agilon disclosed that its President, CEO, and Director of the Board was departing the Company, and that his departure "was a termination without 'cause' under [his] employment agreement." That same day, agilon released its second quarter 2025 financial results, missing estimates and further announcing that it was suspending its 2025 guidance due to the leadership change "as well as continued execution of ongoing initiatives and market uncertainty which may impact future results."

On this news, agilon's stock price fell $0.93, or 51.5%, to close at $0.88 per share on August 5, 2025, thereby injuring investors.

The complaint filed in this action alleges that, throughout the Class Period, the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Defendants recklessly issued guidance for 2025 that they knew or should have known was not going to be achieved, given material industry headwinds of which they were aware; (2) Defendants materially overstated the immediate positive financial impact from "strategic actions" taken by agilon to reduce risk; and (3) as a

3

result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, Nelson and other members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Nelson Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Nelson satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Nelson has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Nelson is not aware of any unique defenses the Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Nelson respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.      Nelson Filed a Timely Motion

Nelson has made a timely motion in response to a PSLRA early notice. On December 31, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Shaji Nelson's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Nelson had sixty days (*i.e.*, until March 2, 2026) to file a motion to be appointed as lead plaintiff. As a purchaser of agilon securities during the Class Period, Nelson is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Nelson attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Nelson satisfies the first requirement to serve as lead plaintiff for the class.

### 2.      Nelson Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Nelson believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Nelson purchased agilon securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of $7,513.96. *See* Linkh Decl., Ex. C. To the best of his knowledge, Nelson is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest and is otherwise adequate. As such, Nelson believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Nelson Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v.*

*Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)       Nelson's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Nelson's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Nelson alleges that the Defendants' material misstatements and omissions concerning agilon's business, operations, and financial prospects violated the federal securities laws. Nelson, like all members of the class, purchased agilon securities in reliance on the Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Nelson's interests and claims are "typical" of the interests and claims of the class.

### b)       Nelson Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Nelson has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C.

Nelson resides in the United Arab Emirates and has been managing his own investments for approximately 5 years. Nelson is an operations manager and has a bachelor's degree in business administration from the University Institute of Technology in Kerala. Nelson is moreover not aware of any conflict between his claims and those of the class. As such, Nelson is adequate to represent the class and should be appointed as lead plaintiff.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Nelson has retained GPWR as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff.

GPWR possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. GPWR recently obtained final approval of a $433.5 million settlement on behalf of Alibaba Group Holding Limited investors, and final approval of a $120 million settlement on behalf of ViacomCBS Inc. investors. The firm's success on behalf of investors was recognized by Law360, which named GPWR one of the 2025 Law360 Securities Groups of the Year. Thus, the Court may be assured that, by granting the Motion, the class will receive high quality legal representation.

**IV.      CONCLUSION**

For the foregoing reasons, Nelson respectfully requests that the Court grant his Motion and enter an Order (1) appointing Nelson as Lead Plaintiff; (2) approving his selection of GPWR as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 2, 2026

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Shaji Nelson and Proposed Lead Counsel for the Class*

9

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Shaji Nelson certifies that this brief contains 2,199 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 2, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 2, 2026, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh