**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and*
*[Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMY VANDERSLUIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGILON HEALTH, INC., STEVEN SELL, and JEFFREY SCHWANEKE,<br><br>Defendants. | **CASE No.: 1:25-cv-07167-HG**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HR & SONS LLC TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |

## TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND ................................................................................. 1

ARGUMENT ................................................................................................................................ 3

    I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................... 3

          A.      Movant Is Willing to Serve as Class Representative ................................. 3

          B.      Movant Has the Largest Financial Interest in the Action .......................... 4

          C.      Movant Satisfies the Requirements of Rule 23 of the Federal
               Rules of Civil Procedure ................................................................... 4

               1.      Movant's Claims are Typical ........................................... 5

               2.      Movant Is Adequate ......................................................... 5

          D.      Movant Is Presumptively the Most Adequate Plaintiff ............................. 6

    II.      MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .............. 7

CONCLUSION ............................................................................................................................ 7

CERTIFICATE OF SERVICE ................................................................................................... 9

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Bally Total Fitness*, *Sec. Litig.*,
    2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................... 4

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ....................................................................................... 6

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) .............................................................................. 4, 5

*In re Livent, Inc. Noteholders Sec. Litig.*,
    210 F.R.D. 512 (S.D.N.Y. 2002) ................................................................................. 5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................. 4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................... 5

*Lax v. Merch. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................................. 4

*Takara Tr. v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................. 4

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................... 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 7

## Rules

Fed. R. Civ. P. 23 ......................................................................................................... 3, 4, 5

Fed. R. Civ. P. 23(a) .............................................................................................................. 5

Movant HR & Sons LLC ("Movant"), through its co-owner and manager Hamid Ahmed ("Mr. Ahmed"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movant as Lead Plaintiff for the class of: (i) all persons or entities who purchased or otherwise acquired agilon health, inc. ("agilon" or the "Company") securities between February 26, 2025 and August 4, 2025, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"); and

(b)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Rosen Law commenced this action on December 31, 2025 against the Company and certain of its executives and directors ("Defendants") for violations under the Exchange Act covering the Class Period. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. [1]

Defendant agilon describes itself as "the trusted partner empowering physicians to transform health care in our communities."

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Defendants recklessly issued guidance for 2025 that they knew or should have known was not going to be achieved, given material industry headwinds of which they were aware; (2) Defendants materially overstated the

---

[1] Due to a typographical error, Rosen Law then issued a corrected early notice the same night.

immediate positive financial impact from "strategic actions" taken by agilon to reduce risk; and (3) as a result, Defendants' statements about agilon's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On August 4, 2025, agilon issued a press release entitled "agilon health Announces Leadership Transition." This press release stated that Defendant Sell had stepped down as president, CEO, and a director of the board. The press release further stated that Ronald A. Williams, the Company's co-founder and board chairman since 2017, had been appointed executive chairman. That same day, agilon filed an 8-K with the SEC stating that Sell was terminated without cause.

Separately on August 4, 2025, agilon released its financial results for the second quarter of 2025, which announced disappointing financial results, and that agilon was suspending its 2025 guidance.

Additionally, on August 4, 2025, agilon held its Q2 2025 earnings call after market hours. On the earnings call, executive chairman Ronald Williams stated that, given the "long-term nature of [the] business cycle," actions taken in 2024 (purportedly to control costs and risk) would begin to contribute to the Company's performance in 2026, and not in 2025, as investors were led to believe when the 2025 guidance was issued. The executive chairman also admitted that the Company's "execution was not adequate."

On this news, the price of agilon stock fell 51.5%, to close at $0.8801 on August 5, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

2

**ARGUMENT**

**I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**A.    Movant Is Willing to Serve as Class Representative**

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

3

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $33,146.66 in connection with its purchases of agilon securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in agilon securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

4

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in agilon securities and is, therefore, extremely motivated to pursue claims in this action.

### D.      Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Mr. Ahmed, representative of the Movant in this action, lives in Maryland, where he works in banking. Mr. Ahmed has a Master of Business Administration degree. Movant has been investing for over 5 years.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

6

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including the Rosen Law Firm, P.A. filing this action, reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 2, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com
*Counsel for Movant and*
*[Proposed] Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim