**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and*
*[Proposed] Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY VANDERSLUIS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGILON HEALTH, INC., STEVEN SELL, and JEFFREY SCHWANEKE, <br><br> Defendants. | CASE No.: 1:25-cv-07167-HG <br><br> **OPPOSITION OF HR & SONS LLC TO COMPETING LEAD PLAINTIFF MOTION** <br><br><br> **<u>CLASS ACTION</u>** |

PRELIMINARY STATEMENT

Before the Court are two competing lead plaintiff motions. Of the competing movants, HR & Sons LLC ("HRS") has the largest financial interest with $33,146.66 in losses. Competing movant Shaji Nelson ("Mr. Nelson") claims a fraction of HRS's losses. Because HRS has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA provides that HRS is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

1

**ARGUMENT**

## I.    HRS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons . . . that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I).  Here, HRS suffered the largest loss of any movant, the factor that Courts across the country recognize as the most significant factor to be considered. *See e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* No. 06-CV-1825 NGG RER, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, HRS has the largest financial interest of the lead plaintiff movants:

| Movant | Loss |
|---|---|
| 1. HR & Sons LLC | $33,146.66 |
| 2. Shaji Nelson | $7,513.96 |

Moreover, as set forth in the opening papers, HRS, through its co-owner and manager Hamid Ahmed ("Mr. Ahmed"), made a *prima facie* showing of its adequacy and typicality. HRS

has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. HRS's claims are typical of other class members because its claims arise from the same legal theories and same nucleus of fact. HRS's interests are aligned with other class members' interests as it has the same incentive to prove Defendants' fraud. There are no conflicts of interest between HRS and absent class members. *See* Opening Br. at 4-6. (Dkt. No. 12).

In short, because HRS has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. HRS should be appointed lead plaintiff and its selection of Lead Counsel should be approved.

## II.    THE PRESUMPTION IN FAVOR OF HRS HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling HRS to be appointed Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movant may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of HRS. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here HRS, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration[.]"; *Labul, v. XPO Logistics, Inc.,* No. 3:18-CV-2062 (VLB),

3

2019 WL 1450271, at *9 (D. Conn. Apr. 2, 2019) ("Proof of inadequacy, and not merely speculation, is required to rebut the presumption of most adequate plaintiff.").

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As HRS has the largest financial interest and has made a *prima facie* demonstration of typicality and adequacy, and no movant has rebutted the presumption with proof, HRS must be appointed Lead Plaintiff.

## III.    HRS'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

HRS has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on

behalf of investors (Dkt. No. 12-4). Thus, the Court may be assured that by approving HRS's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    THE COMPETING MOTION SHOULD BE DENIED

The competing motion should be denied as HRS has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses. However, there are some facts that bear mentioning.

As stated in Mr. Nelson's opening papers, he resides in the United Arab Emirates. Dkt. No. 11, at 8. In his certification, Mr. Nelson declared "under penalty of perjury that the foregoing are true and correct statements." Dkt. No. 13-2. Because the certification was signed outside of the U.S., it should have been signed "under the penalty of perjury under the laws of the United States of America."  28 U.S.C.A. § 1746(1). That the certification lacks the clause "under the laws of the United States of America" renders the certification defective.  *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (Court refusing to appoint lead plaintiff that did not have proper "under penalty of perjury" language). Due to his defective certification, Mr. Nelson is subject to a unique defense, rendering him incapable of adequately representing the class. *Id.*

## CONCLUSION

For the foregoing reasons, HRS respectfully requests the Court issue an Order: (1) appointing HRS as Lead Plaintiff of the Class; (2) approving HRS's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.


Dated: March 16, 2026                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and*
*[Proposed] Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional counsel*

6

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the word count limit set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this brief, the document contains 1,267 words. Further, this brief complies with Your Honor's Individual Practices Rule IV.B.2, which, among other things, limits memoranda of law in opposition to a motion to 25 double-spaced pages.

*/s/ Phillip Kim*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Phillip Kim*

8