**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and*
*[Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JEREMY VANDERSLUIS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGILON HEALTH, INC., STEVEN SELL, and JEFFREY SCHWANEKE, <br><br> Defendants. | CASE No.: 1:25-cv-07167-HG <br><br> **REPLY OF HR & SONS LLC IN FURTHER SUPPORT OF ITS LEAD PLAINTIFF MOTION** <br><br> <u>**CLASS ACTION**</u> |

**PRELIMINARY STATEMENT**

Before the Court are two competing lead plaintiff motions. Of the competing movants, HR & Sons LLC ("HRS") has the largest financial interest with $33,146.66 in losses. Competing movant Shaji Nelson ("Mr. Nelson") claims a fraction of HRS's losses. Mr. Nelson's speculative arguments in his opposition (Dkt. No. 15) (the "Nelson Opp") fall far short of the "proof" required to rebut the presumption of adequacy and typicality that has attached to HRS. Therefore, Mr. Nelson's opposition should be given no weight, and his motion for lead plaintiff should be dismissed in its entirety.

1

**ARGUMENT**

**I.    HRS IS NOT A DAY TRADER**

Mr. Nelson mistakenly accuses HRS of being a "day trader" because it bought and sold agilon stock on the same day during the Class Period.

HRS is not a "day trader." FINRA Rule 4210 describes a pattern day trader as, "any customer who executes four or more day trades within five business days [...] The minimum equity requirement for a 'pattern day trader' is $25,000" in a margin account. *See* FINRA Rule 4210(f)(8)(B) (2025) (available at https://www.finra.org/rules-guidance/rulebooks/finra-rules/4210) (last accessed March 20, 2026). HRS is not a "day trader" because there is no five business day period where HRS executed four or more day trades. *See*, Dkt. No. 12-2, 12-3. Indeed, even the Nelson Opp supports this. *See*, Nelson Opp, at 2 (listing all dates where HRS executed day trades, but failing to show a single five day period where four or more day trades were executed). Mr. Nelson also argues that sales that occur within several days of a purchase renders HRS a day trader, but as defined by FINRA, that is flatly wrong. Nelson Opp, at 3.

Even assuming, *arguendo*, that HRS was a "day trader" – it is not – courts regularly find that day traders are not subject to unique defenses and appoint them as lead counsel. *See Chauhan v. Intercept Pharms.*, 2021 WL 235890, at *8 (S.D.N.Y. Jan. 25, 2021) (declining to disqualify presumptive lead plaintiff who bought and sold during class period "absent evidence that [it] did not rely on the integrity of the market price"); *In re Molycorp, Inc. Sec. Litig.*, 2012 WL 13013602, *3 (D. Colo. May 29, 2012) (rejecting speculation that a movant "is atypical or inadequate based upon his frequent trading activity"); *Stoopler v. Direxion Shares ETF Tr.*, 2010 WL 3199679, at *4 (S.D.N.Y. Aug. 12, 2010), as corrected (Aug. 16, 2010) (declining to disqualify presumptive lead plaintiff despite his admission that he engaged in day trading early in

the class period because even if any unique defense based on his day trading were applicable, it would not apply in the later part of the class period).

## II.    HRS HAS PROVIDED SUFFICIENT BACKGROUND INFORMATION

Mr. Nelson's assertion that HRS, and its representative Hamid Ahmed ("Mr. Ahmed"), "fail[ed] to provide sufficient information about themselves regarding their adequacy" is of no issue and facially untrue. Dkt. No. 12, at 6. Courts do not require a lead plaintiff movant to submit personal background information about themselves to be appointed lead plaintiff. *Kasilingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made ... further inquiry must focus on that plaintiff alone and be limited to determining whether [s]he satisfies the other statutory requirements."). Courts generally require background information only when lead plaintiff movants attempt to form groups of unrelated investors as lead plaintiff. *See*, *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008).

Furthermore, in every single case cited in the Nelson Opp, the movants have failed to provide *any* background information besides the movant's name. That is not the case here. Indeed, HRS has provided as much information about its co-owner and representative, Mr. Ahmed, as Mr. Nelson has about himself. *Compare*, Dkt. No. 12, at 6 (listing place of residence, occupation, education background, and investing experience), with Dkt. No. 11, at 8 (same).

Mr. Nelson fails to cite to a *single* case where a court held that the background information provided by Mr. Ahmed is insufficient and calls for the additional information that Mr. Nelson speculates might be necessary. Even in *Gross v. AT&T Inc.*, 2019 WL 7759222, at

*2 (S.D.N.Y. June 24, 2019), the case most applicable here, the entity movant failed to provide a single piece of background information about its representative other than their name. Not so here.

Therefore, Mr. Nelson's speculative attack fails to rebut the presumption of adequacy and typicality that has attached to HRS.

## III.    HRS HAS SUBMITTED ALL ITS TRADES

HRS is, quite frankly, not sure how to respond to Mr. Nelson's unsupported assertion that HRS's trading "during and after the class period is incongruent, indicating that some transaction information may have been improperly excluded." This is the sort of purely speculative attack that courts have held are insufficient to rebut the presumption of adequacy and typicality. *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration[.]"); *Labul, v. XPO Logistics, Inc.,* No. 3:18-CV-2062 (VLB), 2019 WL 1450271, at *9 (D. Conn. Apr. 2, 2019) ("Proof of inadequacy, and not merely speculation, is required to rebut the presumption of most adequate plaintiff.").

Indeed, HRS has, in its certification, sworn "under penalty of perjury, under the laws of the United States of America"[1] that it has submitted "all of HRS's transactions in Company securities during the Class Period, as specified in the Complaint." Mr. Nelson provides no proof that the transactions provided in HRS's certification are incomplete. Therefore, the court should dismiss this speculative attack out of hand.

---

[1] As noted in Mr. Ahmed's opposition to the competing lead plaintiff motion, Mr. Nelson, who lives outside the U.S., has failed to include the required "under the penalty of perjury **under the laws of the United States of America**" language in his certification, disqualifying him as a movant. Dkt. No. 14, at 5.

## IV.    THE PRESUMPTION IN FAVOR OF HRS HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling HRS to be appointed Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case. Competing movant has attempted to conjure up speculative arguments to rebut the powerful presumption in favor of HRS. All such speculative challenges do not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here HRS, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

HRS has the largest financial interest and has made a *prima facie* demonstration of typicality and adequacy. Mr. Nelson has failed to rebut the presumption with ***proof***. HRS must be appointed Lead Plaintiff.

## V.    HRS'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig*., 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

HRS has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. No. 12-4). Thus, the Court may be assured that by approving HRS's selection of counsel, the members of the class will receive excellent legal representation.

5

## CONCLUSION

For the foregoing reasons, HRS respectfully requests the Court issue an Order: (1) appointing HRS as Lead Plaintiff of the Class; (2) approving HRS's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 23, 2026                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and*
*[Proposed] Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional counsel*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the word count limit set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this brief, the document contains 1,442 words. Further, this brief complies with Your Honor's Individual Practices Rule IV.B.2, which, among other things, limits memoranda of law in opposition to a motion to 25 double-spaced pages.

*/s/ Phillip Kim*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Phillip Kim*

8