**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMY VANDERSLUIS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AGILON HEALTH, INC., STEVEN SELL, and JEFFREY SCHWANEKE, <br><br> Defendants. | Case No. 1:25-cv-07167-HG |

**SHAJI NELSON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**I.    HR&S SHOULD BE DISQUALIFIED FROM CONSIDERATION FOR APPOINTMENT AS LEAD PLAINTIFF BECAUSE IT IS INADEQUATE AND SUBJECT TO UNIQUE DEFENSES**

HR&S[1] is inadequate because it is a high-frequency day trader, it failed to provide any meaningful information about itself, and it possibly excluded relevant transaction information from its loss analysis.[2] *See* Nelson Opp. at 2-6.

Despite these adequacy issues and unique defenses, each one of which is independently disqualifying, HR&S has so far ignored them in the two memoranda it has filed in support of its lead plaintiff motion (*see* Dkt. Nos. 12, 14). HR&S has offered no explanation, let alone an argument, as to why its day trading will not be the basis of unique defenses. Nor has HR&S explained why it should be exempt from providing basic information about itself, including the identity of its owners, who executed its transactions, or even the state in which it is registered. These omissions are telling given that counsel for HR&S, as experienced securities fraud litigators, are likely aware that courts routinely disqualify movants that day trade or withhold this kind of basic information about themselves. *See* Nelson Opp. at 2, 4 (collecting cases).

Accordingly, HR&S is inadequate and subject to unique defenses that will become a distraction at later stages of the litigation. Any presumption that HR&S is the most adequate plaintiff based on the size of its loss is therefore rebutted, and HR&S should be disqualified from consideration for appointment as lead plaintiff.

---

[1] Lead Plaintiff Movant Nelson submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 10), and in response to the opposition to his motion filed by competing movant HR&S (Dkt. No. 14, "HR&S Opp."). All capitalized terms herein shall have the same meaning as in Nelson's opposition memorandum. *See* Dkt. No. 15 ("Nelson Opp.")

[2] As of the date of this filing, HR&S has not responded to Nelson's contention regarding its loss analysis and potential post-class period transactions.

## II.    NELSON SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE IS THE ONLY REMAINING ADEQUATE LEAD PLAINTIFF CANDIDATE

Nelson satisfies all three PSLRA requirements to be appointed as lead plaintiff. He filed a timely motion, has the largest financial interest as the only remaining *bona fide* movant, and is adequate to represent the class. Moreover, as explained below, HR&S has failed to rebut the presumption that Nelson is the most adequate plaintiff.

The only basis on which HR&S has challenged Nelson's adequacy is that Nelson's counsel mistakenly excluded the words "under the laws of the United States of America" from his certification. *See* HR&S Opp. at 5. The attack fails to rebut the presumption that Nelson is the most adequate plaintiff.

As an initial matter, that HR&S deemed it necessary to attack Nelson's adequacy is a tacit admission that HR&S doubts its own adequacy. The lead plaintiff selection process is sequential. Nelson's adequacy is only relevant if HR&S (the movant with the larger claimed loss) is first eliminated from consideration for appointment as lead plaintiff. If HR&S were adequate (it is not), HR&S would be appointed as lead plaintiff and Nelson would never be considered. *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *3 (S.D.N.Y. Oct. 4, 2011) ("The process is sequential and does not leave any room for a relative comparison of the movants by the court."). HR&S is likely attacking Nelson's adequacy because it perceives its own inadequacy and is trying to muddy the waters.

While Nelson should have included the missing language, Nelson has submitted a revised certification herewith, adding the missing phrase, and curing any purported deficiency.[3] In general, "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of

---

[3] *See* Declaration of Gregory B. Linkh in Support of Shaji Nelson's Reply Memorandum of Law in Support of His Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel, Ex. 1.

Rule 23's adequacy requirement." *David v. Brit. Am. Tobacco P.L.C.*, 2024 WL 4351311, at *6 (E.D.N.Y. Sept. 30, 2024) (citation omitted). The court in *Crass v. Yalla Group Ltd.*, 2021 WL 5181008, at *7 (S.D.N.Y. Nov. 8, 2021) faced a set of facts nearly identical to the facts here in which one movant challenged another movant group's adequacy on the basis that the group's certifications "were not properly sworn under penalty of perjury 'under the laws of the United States of America,' pursuant to 28 U.S.C. § 1746(1)." The court rejected the adequacy challenge, finding that "this defect is not significant or substantive, and, indeed, has since been cured" by "revised PSLRA certifications, this time containing the properly worded oath." *Id.* The same result is warranted here with respect to Nelson; the mistake was minor, did not relate to any of the substantive assertions in his certification, and was corrected.

HR&S's authority to the contrary should be rejected. HR&S relies on one out-of-circuit case to argue that Nelson is inadequate. *See* HR&S Opp. at 5 (citing *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017)). Beyond being out-of-circuit, the *Nasin* decision relies on a faulty premise. The *Nasin* court reasoned that "the ***PSLRA requires*** each movant to submit a sworn certification" and rejected the movant's revised certification as untimely since it was "filed after the 60-day [PSLRA] deadline." *See Nasin*, 2017 WL 5598214, at *3 (emphasis added). However, the PSLRA does not require that movants file certifications with their motions. The PSLRA instead requires that plaintiffs file certifications with their complaints. *See* 15 U.S.C. § 78u-4(a)(2)(A) (subsection titled "Certification filed with complaint" requiring that "Each ***plaintiff*** seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the ***complaint***, that . . . .") (emphasis added). While movants typically file

3

certifications, they are not required by the PSLRA, nor subject to a PSLRA 60-day deadline.[4] The PSLRA 60-day deadline applies to motions, which, Nelson timely filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("[N]ot later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff . . . .").

As such, HR&S has failed to rebut the presumption that Nelson is the most adequate plaintiff to be appointed as lead plaintiff.

## III.    CONCLUSION

For the foregoing reasons, Nelson respectfully requests that the Court: (1) appoint Nelson as Lead Plaintiff; (2) approve his selection of Glancy Prongay Wolke & Rotter LLP as Lead Counsel for the class; and (3) deny the competing motion of HR&S.

Respectfully submitted,

DATED: March 23, 2026

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

---

[4] The Northern District of California has recognized in its local rules that the PSLRA does not require movants to file certifications, and has instituted an alternative requirement. *See* ND Cal. Loc. Civ. R. 23-1(c) ("Any party seeking to serve as lead plaintiff, but who does not also file a complaint, need not file the certification required in Civil L.R. 3-7(b), but must at the time of initial appearance state that the party has reviewed a complaint filed in the action and either: (1) Adopts its allegations or, if not, (2) Specifies the allegations the party intends to assert."). The Eastern District of New York does not have a similar requirement.

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Shaji Nelson and Proposed Lead
Counsel for the Class*

5

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Shaji Nelson certifies that this brief contains 1,223 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 23, 2026, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 23, 2026, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh